UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

GALINDO ELADIO, Individually and on Behalf of
All Others Similarly Situated,

                              Plaintiff,

        -against-

ATLANTIC BEVERAGES CORP./NEW LIBERTY BEER
INC. and JOHN DOES 1-25,

                         Defendants.

------------------------------------------------------------------------X

Case No.: 17-cv-03844
(CBA)(RLM)

**JOINT STIPULATION OF
SETTLEMENT AND
RELEASE**

This JOINT STIPULATION OF SETTLEMENT AND RELEASE (the "Agreement") is entered into as of this 13th day of March, 2018, by and between plaintiff Galindo Eladio ("Plaintiff"), defendant Atlantic Beverages Corp. and defendant New Liberty Beer & Soda Corp. (collectively, "Defendants").

**WHEREAS**, Plaintiff is the named and sole plaintiff in the action captioned "Galindo Eladio, Individually and on Behalf of All Others Similarly Situated v. Atlantic Beverages Corp./New Liberty Beer Inc. and John Does 1-25", bearing Case No. 17-cv-03844 (CBA) (RLM), that is pending before the United States District Court for the Eastern District of New York (the "Litigation");

**WHEREAS**, in the Litigation, Plaintiff alleged his employment with Defendants was terminated in or around May 2017, and Plaintiff asserted claims under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.*, and all related regulations (collectively "FLSA") and the New York State Labor Law, as amended, and all related regulations (collectively "NYLL") seeking, among other relief, unpaid minimum wages, unpaid overtime wages, liquidated damages, statutory damages, penalties, interest, and attorneys' fees and costs (together with all other claims Plaintiff has asserted or could assert relating to the payment of wages and provision of required wage notices and wage statements, the "Wage and Hour Claims");

**WHEREAS**, Plaintiff has not sought conditional certification of any collective in the Litigation pursuant to 29 U.S.C. § 216(b), the United States District Court for the Eastern District of New York ("Court") has not granted conditional certification in the Litigation, no

notice of pendency has been distributed to putative class members, and no other individuals have opted in to join this Litigation;

**WHEREAS**, Plaintiff has not sought class certification in the Litigation pursuant to Rule 23 of the Fed. R. Civ. P. and the Court has not certified any class in the Litigation;

**WHEREAS**, Defendants have vigorously defended themselves against the Wage and Hour Claims in this Litigation and Defendants categorically deny: (a) all of the Wage and Hour Claims made by Plaintiff in the Litigation; (b) engaging in any wrongdoing whatsoever; and (c) that they are liable or owe any damages, monies or obligations to anyone with respect to the alleged facts or causes of action alleged in the Litigation;

**WHEREAS**, without admitting or conceding any liability or damages whatsoever, Defendants agreed to settle the Litigation on the terms and conditions set forth in this Agreement to avoid the burden, expense and uncertainty of continuing the Litigation;

**WHEREAS**, Plaintiff's Counsel analyzed and evaluated the merits of the Wage and Hour Claims made against Defendants in the Litigation, communicated extensively with Plaintiff, and obtained information relating to Defendants' compensation practices and policies and Plaintiff's employment, and based upon his analysis and evaluation of a number of factors, and recognizing the substantial risks of litigation, including the possibility that the Litigation, if not settled now, might not result in any recovery or might result in a recovery less favorable, and that any recovery would not occur for several years, Plaintiff's Counsel is satisfied that the terms of this Agreement are fair, reasonable, and adequate and that this Agreement is in the best interest of Plaintiff; and

**WHEREAS**, on January 17, 2018, Defendants and Plaintiff filed a Notice, Consent and Reference of a Civil Action to a Magistrate Judge with the Court, consenting to have U.S. Chief Magistrate Judge Roanne L. Mann conduct all proceedings in the Litigation and on January 22, 2018, U.S. District Judge Carol Bagley Amon of the Court issued an order referring the Litigation to U.S. Magistrate Judge Mann to conduct all proceedings in the Litigation and order entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73; and

**WHEREAS**, Plaintiff and Defendants agree to settle the Wage and Hour Claims on the terms and conditions set forth in this Agreement to avoid the burden, expense and uncertainty of continuing this Litigation, and the purpose of this Agreement is to settle fully and finally all Wage and Hour Claims between Plaintiff and Defendants (collectively "Parties");

**NOW, THEREFORE**, in consideration of the mutual covenants and promises set forth in this Agreement, the Parties hereto agree to a full and complete settlement of the Wage and Hour Claims on the following terms and conditions:

**1.     DEFINITIONS**

The defined terms set forth in this Agreement have the meanings ascribed to them below.

**1.1**    **Agreement.** "Agreement" means this Joint Stipulation of Settlement and Release.

**1.2**    **Court.** "Court" means the United States District Court for the Eastern District of New York.

**1.3**    **Days.** "Days" means calendar days. If a deadline set forth herein falls on a weekend or national holiday, the deadline shall be the next weekday that is not a national holiday.

**1.4**    **Defendants.** "Defendants" means Atlantic Beverages Corp." and "New Liberty Beer & Soda Corp."

**1.5**    **Defendants' Counsel.** "Defendants' Counsel" means Forchelli Deegan Terrana LLP.

**1.6**    **Effective Date.** Effective Date" shall be the later of: (i) the Court's entry of an order granting approval of this Agreement and, if there is no appeal of the Court's order granting approval of this Agreement, the date thirty (30) days after entry of such order granting approval of this Agreement, or (ii) if there is an appeal of either the Court's order granting approval of this Agreement, the day after all appeals are either withdrawn with prejudice or resolved in favor of approval of this Agreement.

**1.7**    **FLSA.** "FLSA" means the Fair Labor Standards Act, as amended, and all related regulations.

**1.8**    **Litigation.** "Litigation" means the lawsuit captioned "Galindo Eladio, Individually and on Behalf of All Others Similarly Situated v. Atlantic Beverages Corp./New Liberty Beer Inc. and John Does 1-25", bearing Case No. 17-cv-03844 (CBA) (RLM) and pending before the Court.

**1.9**    **NYLL.** "NYLL" means the New York Labor Law and all related regulations, including, without limitation, all New York State minimum wage orders.

**1.10**    **Parties.** "Parties" means Plaintiff and Defendants.

**1.11**    **Plaintiff.** "Plaintiff" means Galindo Eladio.

**1.12**    **Plaintiff's Counsel.** "Plaintiff's Counsel" means the Law Office of David A. Feinerman.

1.13    **Settlement Amount.**  "Settlement Amount" means Forty Thousand Dollars and Zero Cents ($40,000.00).

1.14    **Wage and Hour Claims.**  "Wage and Hour Claims" means any and all claims Plaintiff asserted under the FLSA and NYLL seeking, among other relief, unpaid minimum unpaid wages, unpaid overtime wages, spread of hours pay, vacation pay, liquidated damages, statutory damages, penalties, interest and attorneys' fees and costs, together with all other claims Plaintiff has asserted or could assert relating to the payment of wages and provision of required wage notices and wage statements.

2.      **COURT APPROVAL AND EFFECTIVENESS OF SETTLEMENT**

2.1     **Motion for Court Approval of FLSA Settlement.**

(A)     On or before March 16, 2018, Plaintiff will file a Motion for an Order Approving this Agreement and the Settlement of Plaintiff's Wage and Hour Claims (the "Approval Motion").

(B)     In Plaintiff's Approval Motion, Plaintiff shall request that the Court approve this Agreement and the Settlement of Plaintiff's Wage and Hour Claims as final, fair, reasonable, adequate, and binding on Plaintiff, and dismiss the Litigation in its entirety with prejudice and without attorneys' fees or costs to any party except as provided in this Agreement.  In Plaintiff's Approval Motion, Plaintiffs shall also advise the Court that he is expressly waiving any right to appeal any order(s) by this Court granting approval of this Agreement and/or dismissing with prejudice all claims that were or could have been asserted in the Litigation and dismissing this Litigation in its entirety with prejudice.  Plaintiff's Approval Motion shall contain and attach as an exhibit thereto, a Stipulation and Order of Dismissal with Prejudice that is acceptable to the Parties.

(C)     If the Court denies the Approval Motion either in part or in its entirety, then the Parties jointly agree to seek reconsideration of the ruling or seek Court approval of a renegotiated settlement, if any.  Should such efforts be unsuccessful and/or denied, the Parties shall use good faith efforts to renegotiate the settlement and seek Court approval of the renegotiated settlement in accordance with this Court's directives to effectuate final settlement and dismissal of this Litigation in its entirety with prejudice. In the event a mutually agreed-upon settlement is not

approved or any reconsideration or appellate review is denied, Defendants shall not be obligated to make any of the payments specified in this Agreement, the Litigation will proceed as if no settlement had been attempted, and the Parties will retain all of their respective rights in those proceedings.

(D)     The Parties will work together, diligently and in good faith, to obtain expeditiously an Order approving this Agreement and the settlement and dismissing this Litigation with prejudice.

(E)     All payments required by Section 3.1 of this Agreement from Defendants shall be delivered to Plaintiff's Counsel within fifteen (15) days after the Effective Date. Defendants shall have no obligation to provide any of the payments specified in this Agreement, and the Parties shall proceed with the Litigation as if no settlement occurred, if any of the following events take place: (1) the Court rejects this Agreement and/or fails to enter an order dismissing this Litigation with prejudice; or (2) there is an appeal of the Court's order granting approval of this Agreement and/or dismissal of this Litigation with prejudice; or (3) there is an appeal of the Court's order denying approval of this Agreement and/or dismissal of this Litigation with prejudice, or (4) there is an appeal of the Court's order modifying or revising any term contained in this Agreement.

**2.2     Effectiveness.**    This Agreement shall be effective only when: (a) this Agreement is executed by all Parties; <u>and</u> (b) the Court enters an order approving this Agreement and the settlement of all Plaintiff's Wage and Hour Claims as final, fair, reasonable, adequate and binding on Plaintiff, and dismissing the Litigation in its entirety with prejudice and without attorneys' fees or costs to any party except as provided in this Agreement; <u>and</u> (c) all appeals are either time barred, withdrawn with prejudice, or resolved in favor of approval of this Agreement and the Litigation is dismissed in its entirety with prejudice. Notwithstanding the foregoing language in this Section, the provisions of Section 2.1(A) through (D) of this Agreement shall become effective immediately upon execution of this Agreement by the Parties and Plaintiff's Counsel.

**3.     SETTLEMENT TERMS**

**3.1     Settlement Amount.**    The Parties agree that Defendants' payment of the Settlement Amount shall fully resolve and satisfy any and all amounts to be paid to the Plaintiff

Plaintiff's Counsel in connection with this Litigation, including, but not limited to, all amounts to be paid to Plaintiff with respect to the Wage and Hour Claims and all attorneys' fees and costs associated with the Litigation. Other than the employer payroll taxes described in Section 3.2(B), Defendants will not be required to pay more than the Settlement Amount under the terms of this Agreement. The Settlement Amount in the total amount of Forty Thousand Dollars and Zero Cents ($40,000.00) shall comprise all amounts payable under this Agreement, and shall be allocated as follows:

    a. Plaintiff shall be paid the total gross amount of Twenty Nine Thousand Five Hundred Thirty Five Dollars and Zero Cents ($29,535.00), representing:

        i. alleged unpaid wages in the gross sum of Fourteen Thousand Seven Hundred Sixty Seven Dollars and Fifty Cents ($14,767.50), minus all applicable federal, state and local taxes, withholdings and deductions. This payment shall be made in a check payable to Plaintiff and shall be reported to the Internal Revenue Service ("IRS") under the Plaintiff's name and social security number on an IRS Form W-2; and

        ii. alleged liquidated damages, statutory damages and/or interest in the gross sum of Fourteen Thousand Seven Hundred Sixty Seven Dollars and Fifty Cents ($14,767.50), without withholdings. This payment shall be made in a check payable to Plaintiff and shall be reported to the IRS under the Plaintiff's name and social security number on an IRS Form 1099.

    b. Plaintiff's Counsel shall receive the gross amount of Ten Thousand Four Hundred Sixty Five Dollars and Zero Cents ($10,465.00), which represents reimbursement of all attorneys' fees and costs incurred by Plaintiffs and Plaintiffs' Counsel in connection with the Litigation. Plaintiff and Plaintiff's Counsel represent that they have incurred Ten Thousand Dollars and Zero Cents ($10,000.00) in attorneys' fees and Four Hundred Sixty Five Dollars and Zero Cents ($465.00) in costs in connection with the Litigation. Plaintiff and Plaintiff's Counsel

acknowledge and agree that: (i) on or about October 18, 2017, Defendants paid the sum of One Thousand Four Hundred Dollars and Zero Cents ($1,400.00) to Plaintiff's Counsel, representing the attorneys fees' and costs incurred by Plaintiff in connection with Plaintiff's prior motion seeking entry of default against Defendants; and (ii) such amount (i.e., $1,400.00) shall be credited against the amount of attorneys' fees and costs due under this Agreement. The remaining balance of attorney's fees and costs due under this Agreement in the amount of Nine Thousand Sixty Five Dollars and Zero Cents ($9,065.00) will be paid in a check payable to Plaintiff's Counsel. This payment shall be reported on an IRS Form 1099 under the name and taxpayer identification number of Plaintiff's Counsel.

**3.2    Form W-4 and Form W-9 and Tax Indemnification.**

(A)    Plaintiff shall provide to Defendants on or before the Effective Date completed and executed IRS Forms W-4 and W-9 containing Plaintiff's social security number. Plaintiff's Counsel shall provide to Defendants on or before the Effective Date a completed and executed IRS Form W-9 containing Plaintiff's Counsel's taxpayer identification number. No payment shall be issued under this Agreement until the completed and executed IRS Forms W-4 and W-9 referenced above are tendered by Plaintiff and Plaintiff's Counsel to Defendants' Counsel.

(B)    Defendants shall be responsible for any and all applicable employer tax contributions associated with any payments of unpaid wages under this Agreement, including, but not limited to, the employer share of the FICA tax and any federal and state unemployment tax due with respect to the amounts treated as unpaid wages pursuant to Section 3.1(a)(i). Any such payroll taxes ordinarily borne by the employer shall be paid by Defendants in addition to the Settlement Amount, and shall not be paid out of the Settlement Amount. Defendants shall not be responsible for (i) any payroll taxes imposed on employees, rather than employers, (ii) any taxes imposed on the portion of the payments to Plaintiff treated as payment of liquidated damages, statutory damages and/or interest

reported on an IRS Form 1099, or (iii) any taxes imposed with respect to the payment of attorneys' fees and costs to Plaintiff's Counsel under this Agreement.

(C)     Plaintiff acknowledges and agrees that, except as specified in Section 3.2(B), he will be solely responsible for all taxes, interest and penalties due with respect to any payment received pursuant to this Agreement. Additionally, Plaintiff agrees to indemnify and hold Defendants harmless for any and all federal, state and local taxes, interest, charges, assessments, liabilities, damages, amounts, and penalties that are due, may become due or are otherwise assessed against Plaintiff and Defendants at any time with respect to any portion of the Settlement Amount received by Plaintiff and Plaintiff's Counsel, except for the employer share of the FICA tax and any federal and state unemployment tax due with respect to the amounts treated as unpaid wages as specified in Section 3.1(a)(i). The employee portion of all applicable income and payroll taxes will be the responsibility of the Plaintiff.

(D)     The Parties represent that they have addressed the appropriate allocation of the Settlement Amount in good faith. This good faith determination does not in any way affect Plaintiff's and Plaintiff's Counsel's independent obligations to pay taxes on the Settlement Amount under applicable law. Plaintiff and Plaintiff's Counsel acknowledge and agree that they have not relied upon any representations made by Defendants and Defendants' representatives concerning the tax treatment of payments provided under this Agreement.

3.3     **Settlement Checks.**  Subject to the provisions of Sections 2.1, 2.2 and 3.2 above, the payments referenced in Sections 3.1 above shall be delivered by Defendants to Plaintiff's Counsel at the Law Office of David A. Feinerman, 2765 Coney Island Avenue, 2nd Floor, Brooklyn, NY 11235.

4.      **RELEASE**

4.1     **Release of Claims by Plaintiff.**  By executing this Agreement, except as to such rights or claims as may be created by this Agreement, Plaintiff, for himself and for his heirs, administrators, representatives, executors, successors and assigns, forever and fully releases and discharges Defendants and each of their respective heirs, executors, administrators, estates, predecessors, successors, assigns, divisions, affiliates,

subsidiaries, parents, corporations under common ownership or control, related business entities and companies, business units, committees, groups, and their current and former owners, principals, shareholders, partners, members, officers, directors, trustees, employees, attorneys, accountants, insurers, fiduciaries, representatives and agents thereof both individually and in their business capacities, (collectively the "RELEASEES"), from any and all wage and hour claims, demands, complaints, causes of action, obligations, damages, judgments, or liabilities whatsoever of every kind and nature, at law or in equity, known or unknown, and whether or not discoverable, which such Plaintiff has or may have against the RELEASEES from the beginning of the world through the date the Court enters an order granting approval of this Agreement, including, without limitation, the Wage and Hour Claims and any other claims that were or could have been asserted in the Litigation based on or arising from any violation of wage and hour law, all claims based on or arising under any federal, state or local wage and hour law, statute, ordinance, regulation and rule, including, but not limited to, the FLSA, the NYLL, all statutory, constitutional, contractual, and common law claims for wages, compensation, remuneration of any kind, unpaid minimum wages, unpaid overtime wages, improper deductions, spread of hours pay, split shift pay, call in pay, tips, gratuities, service charges, maintenance pay for any required uniforms, vacation pay, sick pay, holiday pay, severance pay, bonuses, deferred compensation, incentive plans, medical, dental, life or disability insurance coverage, any other fringe benefit, any damages, costs, penalties, liquidated damages, punitive damages, interest, attorneys' fees, restitution, or equitable relief to the extent relating to or deriving from a wage and hour claim (including claims for overtime wages or any other wages) relating to Plaintiff's employment with Defendants or performance of work or services for Defendants, and all claims based on or arising under NYLL § 195(1) and NYLL § 195(3).

**4.2    Release of Fees and Costs for Settled Matters.** Plaintiff's Counsel, on behalf of itself and on behalf of the Plaintiff, hereby irrevocably and unconditionally releases, acquits, and forever discharges any claim that Plaintiff's Counsel may have against RELEASEES for attorneys' fees and costs associated with Plaintiff's Counsel's representation of Plaintiff in the Litigation.

**4.3**    **Non-Admission of Liability.**  The Parties acknowledge that Defendants have agreed to this Agreement and the terms of settlement herein without in any way acknowledging any fault or liability on their part or by any of the RELEASEES, and with the understanding that the terms have been reached because this settlement will (a) avoid the further expense of litigation, and (b) put the claims in the Litigation finally to rest.  Nothing in this Agreement shall be deemed or used as an admission by Defendants of liability or damages.  Defendants do not admit, and expressly deny any liability, wrongdoing, and violation of any law, statute, order, regulation or policy.

**4.4**    **Representations and Warranties of Plaintiff.**  By signing this Agreement, Plaintiff affirms, acknowledges and agrees that:

(A)    He has been afforded a reasonable and sufficient period of time for review, for deliberation thereon and for negotiation of the terms of this Agreement, and he has been specifically advised to consult with legal counsel or a representative of his choice prior to executing this Agreement, has had the opportunity to do so and has, in fact, done so by consulting with Plaintiff's Counsel;

(B)    He has read and understands the terms of this Agreement, all of which have been fully explained to him;

(C)    He has signed this Agreement freely and voluntarily and without duress or coercion and with full knowledge of its significance and consequences and of the rights relinquished, surrendered, released and discharged hereunder;

(D)    The only consideration for signing this Agreement is the terms stated herein and no other promise, agreement or representation of any kind has been made to the Plaintiff by any person or entity whatsoever to cause him to sign this Agreement;

(E)    He has full authority to enter into this Agreement and the release contained in Section 4.1 above;

(F)    He was not subjected to any discriminatory or retaliatory treatment by the RELEASEES on any basis at any time;

(G)    Upon payment of the amounts due pursuant to Section 3 above, Plaintiff will have been paid in full for all time worked in connection with his employment with Defendants and Plaintiff is owed no other amounts or forms of compensation from RELEASEES, including, but not limited to, any wages, minimum wages,

overtime wages, spread of hours pay, split shift pay, call in pay, tips, service charges, maintenance pay for any required uniforms, vacation pay, sick pay, holiday pay, accrued benefits, severance, bonuses, commissions, liquidated damages, statutory damages, penalties, interest, attorneys' fees and costs;

(H)   He is not affected by any condition, drug, alcohol or medication that would interfere with or impair his ability to understand this Agreement;

(I)   He has no known workplace injuries or occupational diseases;

(J)   He is not currently aware of any possible claims that could be asserted by him against any of the RELEASEES related to his employment with Defendants, except for the claims asserted in this Litigation;

(L)   He irrevocably waives his right(s) to appeal any order(s) entered by the Court: (1) granting approval of this Agreement; (2) dismissing with prejudice all claims that were or could have been asserted in the Litigation; and (3) dismissing this Litigation in its entirety with prejudice; and

(M)   He has not commenced or filed any complaint, suit, action, charge or other legal proceeding with or in any other forum asserting any wage and hour claims against Defendants or any RELEASEES, except for this Litigation.

**5.   TIME FOR CONSIDERATION AND DEFAULT PROVISIONS**

5.1   Plaintiff confirms that he has been provided twenty-one (21) days to consider this Agreement and return it to Defendants' Counsel. Plaintiff agrees that any modifications, material or otherwise, made to this Agreement do not restart or affect in any manner the twenty-one (21) days consideration period. If Plaintiff fails to execute and return this Agreement within the period described herein, this Agreement shall be null, void and of no further force or effect.

5.2   The Parties agree that in the event the Defendant fails to pay the Settlement Amount set forth in Section 3, within the time period specified in the Agreement, and after Plaintiffs' Counsel provides 10 days' written notice of Defendants' default to Defendants' Counsel via e-mail at glisi@forchellilaw.com, such conduct will constitute a material breach of the Agreement. Under such circumstances, Plaintiff will be permitted to reinstate the matter to the Court's calendar, as if a settlement had never been reached.

5.3   The Parties also agree that in the event any party breaches any other provisions of this

Agreement, the other party shall have the right to enforce the terms of this Agreement before U.S. Magistrate Judge Mann of this Court.

**6.     INTERPRETATION AND ENFORCEMENT**

**6.1     Cooperation Between the Parties; Further Acts.**   The Parties shall reasonably cooperate with each other and shall use their reasonable best efforts to obtain the Court's approval of this Agreement and all of its terms.   Each party, upon request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

**6.2     No Assignment.**   Plaintiff represents and warrants that he has not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation.

**6.3     Entire Agreement.**   This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.

**6.4     Binding Effect.**   This Agreement shall be binding upon the Parties and, with respect to the Plaintiff, his spouse(s), children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys and assigns.

**6.5     Arms' Length Transaction; Maturity of Terms.**   The Parties have negotiated all the terms and conditions of this Agreement at arms' length.   All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement, unless otherwise expressly stated.

**6.6     Captions.**   The captions or headings of the Sections and paragraphs of the Agreement have been inserted for convenience of referenced only and shall have no effect upon the construction or interpretation of any part of this Agreement.

**6.7     Construction.**   The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be construed against any party by virtue of draftsmanship. The language used in this Agreement is the language chosen by the Parties to express

their mutual intent, and no rule of strict construction will be applied against either the Plaintiff or Defendants.  Accordingly, the Parties expressly waive any common law or statutory rule of construction that ambiguities should be construed against the drafter of this Agreement.  The Parties also covenant and represent that the language in all parts of this Agreement shall be in all cases construed as a whole, according to its fair meaning.

**6.8**    **Blue Penciling.**  Except for the provisions of Sections 4 and 6 of this Agreement, if any provision of this Agreement is held by a court of competent jurisdiction to be void, voidable, unlawful or unenforceable, the remaining portions of this Agreement will remain in full force and effect.  If the Release of Claims by Plaintiff contained in Section 4.1 of this Agreement is deemed to be unenforceable for any reason, Plaintiff agrees to take all steps reasonably to draft and execute a valid release of claims, acceptable to all Parties and the Court.

**6.9**    **Governing Law.**  This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

**6.10**    **Choice of Forum.**  The Parties agree that any disputes arising out of or related to this Agreement shall be filed in the United States District Court for the Eastern District of New York, and the Parties consent to the jurisdiction of such courts for the purposes of such action.

**6.11**    **Waivers, Modifications and Amendments to Be in Writing.**  No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval.  Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

**6.12    Plaintiff's Comprehension.**  By signing this Agreement, Plaintiff represents that (a) he understands the Agreement and knows that he is giving up important rights; (b) he agrees with everything in the Agreement; (c) he has had an opportunity to consult with an attorney before signing the Agreement; and (d) he has signed the Agreement knowingly and voluntarily.

**6.13    No Re-employment.**  Plaintiff acknowledges and agrees that his employment with Defendants, if any, has ended.  Plaintiff further acknowledges and agrees that by entering into this Agreement, he voluntarily and knowingly waives any and all rights to re-employment with the Defendants at any time.  Plaintiff understands that, to the extent permitted by law, Plaintiff waives all rights to redress for any rejection of such future application by or reinstatement with such Defendants.  Plaintiff understands that if he applies to work for the Defendants at any time, Defendants, based on this paragraph, may deny Plaintiff employment for any position the Plaintiff seeks and that such denial will not be a violation of any federal, state or municipal statute and/or common law right and will not be deemed retaliatory in any way.

**6.14    Facsimiles and PDFs: Counterparts.**  Facsimile transmission or electronic copies of signatures on this Agreement shall be deemed to be original signatures and shall be acceptable to the Parties to this Agreement for all purposes and may be used in lieu of the originals for any purpose.  In addition, transmission by electronic mail of a PDF document created from the originally signed document shall be acceptable to the Parties to this Agreement for all purposes.  The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same effect as if all Parties had signed the same instrument.

The Plaintiff, Plaintiff's Counsel and Defendants have executed this Agreement on the dates indicated below.

Executed this \_\_15\_\_ day of \_\_March\_\_, 2018 by: _[signature]_

for Atlantic Beverages Corp.
Print Name: Jacqueline Varela
Title: President

2940176v1                                  14

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF Nassau      )

On March 15 ____, 2018 before me personally came **Jacqueline Varela**, to me known and known to me to be the person described in and who executed the above instrument, who being duly sworn by me, did for herself depose and say that she is an officer of **Atlantic Beverages Corp.** and that she executed the foregoing instrument in the name of **Atlantic Beverages Corp.**, and that she had authority to sign same, and she did duly acknowledge to me that she executed the same as the act and deed of **Atlantic Beverages Corp.**, for the uses and purposes mentioned therein.

_____
Notary Public

**ALEXANDER LEONG**
Notary Public, State of New York
No #02LE6105632
Qualified in Nassau County
Commission Expires Feb. 2008 20

Executed this __15__ day of __March__, 2018 by: _____
for New Liberty Beer & Soda Corp.
Print Name: Jacqueline Varela
Title: President

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF Nassau      )

On March 15 ____, 2018 before me personally came **Jacqueline Varela**, to me known and known to me to be the person described in and who executed the above instrument, who being duly sworn by me, did for herself depose and say that she is an officer of **New Liberty Beer & Soda Corp.** and that she executed the foregoing instrument in the name of **New Liberty Beer & Soda Corp.**, and that she had authority to sign same, and she did duly acknowledge to me that she executed the same as the act and deed of **New Liberty Beer & Soda Corp.**, for the uses and purposes mentioned therein.

_____
Notary Public

**ALEXANDER LEONG**
Notary Public, State of New York
No #02LE6105632
Qualified in Nassau County
Commission Expires Feb. 2008 20

Executed this _____ day of _____, 2018 by: _____

                                                                      Galindo Eladio

STATE OF NEW YORK     )
                              )ss.:
COUNTY OF                 )

On _____, 2018 before me personally came, **Galindo Eladio**, to me known and known to me to be the individual described in, and who executed the foregoing instrument, and duly acknowledged to me that he executed the same.

                                      _____
                                      Notary Public

Executed this _____ day of _____, 2018 by: _____

                                        for the Law Office of David A. Feinerman
                                        *as Plaintiff's Counsel*
                                        Print Name: David A. Feinerman, Esq.